Filed 4/18/25  P. v. Potts CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>ANDRE DEQUIN POTTS,<br><br>  Defendant and Appellant. | B336020<br><br>(Los Angeles County<br> Super. Ct. No. MA056406) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lisa M. Strassner, Judge.  Reversed and Remanded.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield, Supervising Deputy Attorney General, and Charles Chung, Deputy Attorney General, for Plaintiff and Respondent.

## INTRODUCTION

Appellant Andre Dequin Potts (Potts) petitioned the trial court for resentencing under Penal Code section 1172.6.[1] The court summarily denied his petition without appointing counsel. We reverse and remand with directions to appoint counsel and conduct the prima facie inquiry as required under section 1172.6, subdivision (c).

## FACTUAL AND PROCEDURAL BACKGROUND

In January 2012, Potts's girlfriend got in a fistfight with another woman. During the course of that fight, Potts began to fight with another man. Potts shot the other man in the leg. He fled the state and was subsequently arrested and extradited.

In September 2014, Potts pled no contest to attempted murder (§§ 664/187, subd. (a)), and admitted to personally using a firearm (§ 12022.53, subd. (b)) as well as inflicting great bodily injury (§ 12022.7, subd. (a)). He was sentenced to a term of 22 years.

In October 2023, Potts filed a petition for resentencing under section 1172.6. The trial court denied the petition without appointing counsel or holding a hearing, finding Potts ineligible for relief. The court's order said: "Because [Potts] was the actual shooter in this case, Penal Code [1172.6] does not apply to him as the Natural and Probable Consequences Doctrine does not apply to him."

Potts timely appealed.

---

[1] All future statutory references are to the Penal Code, unless otherwise stated.

**DISCUSSION**

I.    *Governing Law*

In 2019, the legislature updated the murder statutes to limit vicarious liability for that offense.  (Stats. 2018, ch. 1015, §§ 1-3; see *People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).)  The legislature also provided a procedure for defendants to request resentencing if they had been convicted under previous versions of the law.  (Stats. 2018, ch. 1015, § 4; see *Lewis, supra,* 11 Cal.5th at p. 959.)  These changes were later expanded to cover convictions for attempted murder as well.  (Stats. 2021, ch. 551.)

A person convicted of attempted murder is only eligible for resentencing if they were convicted under the natural and probable consequences doctrine.  (§ 1172.6, subd. (a); *People v. Lovejoy* (2024) 101 Cal.App.5th 860, 865.)  A petition seeking resentencing must contain the following: a declaration from the petitioner that they are eligible for resentencing, the superior court case number and year of the petitioner's conviction, and whether the petitioner requests appointed counsel.  (§ 1172.6 subd. (b)(1).)

Upon receipt of a facially compliant petition requesting appointment of counsel, the trial court must appoint counsel.  (§ 1172.6, subd. (b)(3).)  The court must then hold a hearing "to determine whether the petitioner has made a prima facie case for relief."  (§ 1172.6, subd. (c).)  At that hearing, the court may examine the record of conviction in determining whether the showing has been made, but must accept the petitioner's allegations as true unless the court's own documents contain facts refuting those allegations. (*Lewis, supra,* 11 Cal.5th at p. 971.)

We review the trial court's inquiry de novo.  (*People v. Williams* (2022) 86 Cal.App.5th 1244, 1251.)

II.  *Application*

Potts filed a facially compliant petition requesting appointment of counsel.  Therefore, the trial court erred in failing to appoint counsel and proceed to the prima facie evaluation required under section 1172.6, subdivision (c).  However, such error may be harmless if the record of conviction clearly shows there is no prima facie case to be made.  (See *Lewis, supra,* 11 Cal.5th at pp. 973–975.)

Here, as the People concede, the record is not so clear.  It contains only one factual description of the offense to which Potts pled: the probation officer's report, filed after the plea was taken.  That is not sufficient to prove the prosecution relied only on still-valid theories, or that plaintiff expressly pled to a still-valid theory.

Potts asks that we allow him to bypass the prima facie stage of the resentencing procedure and proceed directly to the full evidentiary hearing permitted under section 1172.6, subdivision (d).  But the error here was the failure to conduct the prima facie inquiry.  We express no opinion on what the results of that inquiry might be.  And Potts cites no authority that suggests the remedy for not conducting the prima facie inquiry is to never conduct that inquiry.  Therefore, we decline Potts's request.

//

//

//

//

//

4

## DISPOSITION

The order of the trial court is reversed.  The case is remanded and the trial court is directed to appoint counsel for Potts and conduct the prima facie inquiry as required under section 1172.6, subdivision (c).

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, Acting P. J.

WE CONCUR:


COLLINS, J.


DAUM, J.*

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article IV, section 6 of the California Constitution.